# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CALVIN TURNER,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No: 8:16-cv-1618-T-30AAS
Crim. Case 8:03-CR-184-T-30AAS

## ORDER OF DISMISSAL

Movant was sentenced as a career offender in 2003 under the Sentencing Guidelines. Movant argues in a § 2255 Motion that his sentence is unconstitutional in light of *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in which the Supreme Court invalidated the Armed Career Criminal Act's residual clause that mirrors the career offender's residual clause. But because the holding of *Johnson* does not apply to the Sentencing Guidelines—even when they were mandatory—the Court concludes the Motion must be dismissed as untimely.

## BACKGROUND

In 2003, Movant pleaded guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. (CR Doc. 155). Movant qualified as a career offender based on prior convictions for possession of cannabis with intent to sell or deliver and lewd or lascivious battery. (PSR ¶¶ 35, 56, 62). Movant's total offense level was 34, his criminal history category was VI, and his guideline range

was 262 to 327 months. (PSR ¶¶ 40, 69, 134). On December 12, 2013, the Court sentenced Movant to 210 months' imprisonment. (CR Doc. 280). Movant did not appeal. Movant then filed this first § 2255 Motion in June 2016. (CV Doc. 1).

## DISCUSSION

At issue is whether *Johnson*'s holding applies to the career offender residual clause when the Sentencing Guidelines were mandatory. If it does, then Movant's Motion would be timely under 28 U.S.C. § 2255(f)(3) (providing a § 2255 motion must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). If it does not, then Movant's Motion is untimely under § 2255(f)(1) (providing a § 2255 motion must be filed within one year from "the date on which the judgment of conviction becomes final").

This Court need not weigh the various arguments to reach a conclusion because the Eleventh Circuit has already answered the question. *Johnson* does not apply to the career offender residual clause even when the Sentencing Guidelines were mandatory. *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016) ("Griffin is unable to make a *prima facie* showing that *Johnson* applies to him in light of our binding precedent in [*United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015)] that the Sentencing Guidelines cannot be challenged as unconstitutionally vague.… For the following reasons, the logic and principles established in *Matchett* also govern our panel as to Griffin's guidelines sentence when the Guidelines were mandatory."); *see also United States v. Matchett*, 837 F.3d 1118, 1134 n.3 (11th Cir. 2016) (explaining that *Griffin* expanded *Matchett* to mandatory

2

Guidelines); *In re Sams*, 830 F.3d 1234, 1240 (11th Cir. 2016); *In re Anderson*, 829 F.3d 1290, 1292 (11th Cir. 2016); *In re Sapp*, 827 F.3d 1334, 1336 (11th Cir. 2016).

The Court is unconvinced by Movant's argument that these decisions are not binding simply because the holdings were reached in orders discussing second or successive § 2255 motions. The holding that the career offender residual clause is not subject to a void for vagueness challenge when the Sentencing Guidelines were mandatory, which supported the Eleventh Circuit's analysis of whether the petitioners had satisfied § 2255(h)'s requirements, is binding on this Court when analyzing a first § 2255 motion.

The Court is also unpersuaded that *Beckles v. United States*, 137 S.Ct. 886 (2017) abrogated *Griffin*. *Beckles* never discussed whether *Johnson* applied to the career offender residual clause when the Sentencing Guidelines were mandatory. And even if it had, that ruling has not been made retroactively applicable to cases on collateral review. *Sams*, 830 F.3d at 1240 ("[O]ur precedent holds that *Welch* does not make *Johnson* retroactive for purposes of filing a successive § 2255 motion raising a *Johnson*-based challenge to the Sentencing Guidelines.").

So because this Court is bound to conclude *Johnson* does not apply to mandatory Sentencing Guidelines sentences, Movant's Motion cannot meet the requirements of § 2255(f)(3). Even if the Court could rule that *Griffin* was abrogated, the Court would still have to dismiss the Motion as untimely since the ruling has not been made retroactively applicable to cases on collateral review.

Accordingly it is ORDERED AND ADJUDGED that:

1. The Government's Motion to Dismiss Calvin Turner's Section 2255 Motion (Doc. 8) is GRANTED.

2. Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1) is DISMISSED.

3. All pending motions are denied as moot.

4. The Clerk is directed to close this file.

5. The Clerk is directed to terminate from pending status the motion found at Doc. 729 in the underlying criminal case, 8:03-cr-184-T-30AAS.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of August, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4